UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERNEST SCOTT, JAMES GRIGGS, AND EVAN MONACELLI, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFFS <br><br>v. <br><br>MUY PIZZA-TEJAS, LLC, MUY PIZZA SOUTHEAST, LLC AND MUY PIZZA MINNESOTA, LLC, <br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:18-cv-1187 |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs Ernest Scott, James Griggs and Evan Monacelli, on behalf of themselves and all others similarly situated, file this Original Collective Action Complaint against Defendants Muy Pizza-Tejas, LLC, Muy Pizza Southeast, LLC and Muy Pizza Minnesota, LLC ("Defendants").

## I.     PRELIMINARY STATEMENT

1.1     This is an action for failure to pay minimum wage compensation brought under the Fair Labor Standards Act ("FLSA").  Defendants operate Pizza Hut stores in Texas, Florida, Virginia and Minnesota, among other states.  Plaintiff Ernest Scott was employed by Defendants as a delivery driver in Houston, Texas beginning in 2013 and is currently still employed by Defendants.  Plaintiff James Griggs was employed by Defendants as a delivery driver in Ruckersville, Virginia from January 2015 through October 2016.  Plaintiff Evan Monacelli was employed by Defendants as a delivery driver in Cloquet, Minnesota from October 2015 through August 2018.

1.2     Ernest Scott, James Griggs and Evan Monacelli, on behalf of themselves and all others similarly situated, bring this collective action to recover minimum wage compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay minimum wage to their hourly delivery drivers.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Muy Pizza-Tejas, LLC, Muy Pizza Southeast, LLC and Muy Pizza Minnesota, LLC because these entities conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiffs**

3.1     Plaintiff Ernest Scott is an individual residing in Houston, Texas.   His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit A.   Plaintiff James Griggs

is an individual residing in Ruckersville, Virginia. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit B. Plaintiff Evan Monacelli is an individual residing in Cloquet, Minnesota. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit C.

**B.     Defendants**

3.2     Defendant Muy Pizza-Tejas, LLC is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in San Antonio, Texas.

3.3     Muy Pizza-Tejas, LLC was an employer of Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Muy Pizza-Tejas, LLC can be served with process by serving its registered agent for service of process, C. Dawson Bremer at 17890 Blanco Road, Suite 444, San Antonio, Texas 78232.

3.5     Defendant Muy Pizza Southeast, LLC is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in San Antonio, Texas.

3.6     Muy Pizza Southeast, LLC. was an employer of Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

3.7     Muy Pizza Southeast, LLC. can be served with process by serving its registered agent for service of process, C. Dawson Bremer at 17890 Blanco Road, Suite 444, San Antonio, Texas 78232.

3.8     Defendant Muy Pizza Minnesota, LLC is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in San Antonio, Texas.

3.9     Muy Pizza Minnesota, LLC. was an employer of Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

3.10   Muy Pizza Minnesota, LLC. can be served with process by serving its registered agent for service of process, C. Dawson Bremer at 17890 Blanco Road, Suite 444, San Antonio, Texas 78232.

3.11   Defendants have been and are currently operating as a joint and integrated enterprise with respect to their employment of Plaintiffs and the class members.

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, Defendants Muy Pizza-Tejas, LLC, Muy Pizza Southeast, LLC and Muy Pizza Minnesota, LLC each had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendants employed "employees", including Plaintiffs and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6   At all relevant times, Defendants Muy Pizza-Tejas, LLC, Muy Pizza Southeast, LLC and Muy Pizza Minnesota, LLC have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7   At all relevant times, Plaintiffs and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants operate Pizza Hut stores throughout the nation.

5.2     Defendants employed pizza delivery drivers, including Plaintiffs, and paid them at or near minimum wage.

5.3     Plaintiffs and the members of the class all use their own vehicles to make pizza deliveries.

5.4     Defendants reimburse their drivers for the use of their vehicles.  However, Defendants' reimbursement scheme significantly underestimates the actual expenses incurred by Plaintiffs and the class members in operating their vehicles for Defendants' benefit.

5.5     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because their delivery drivers incurred unreimbursed automobile expenses, the delivery drivers effectively "kicked back" to Defendants an amount sufficient to bring their hourly wage below the minimum wage.

5.6     Defendants did not make a good faith effort to comply with the minimum wage provisions contained within the FLSA.

5.7     Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiffs and those similarly situated.

## VI.     COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2     Plaintiffs bring their claim for relief on behalf of all persons who worked for Defendants as delivery drivers at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3     All of Defendants' delivery drivers had similar experiences to those of Plaintiffs. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

6.4     While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants rely upon the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut locations. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

6.5     Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

6.6     The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers.

6.7     Plaintiffs and all of Defendants' delivery drivers are similarly situated in that:

    a.     They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b.     They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c.    Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d.    They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e.    They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f.    They were subject to the same pay policies and practices of Defendants;

    g.    They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and were thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h.    They were reimbursed similar set amounts of automobile expenses per delivery; and,

    i.    They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

6.8    Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiffs bring these claims on their behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9    Plaintiffs request that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.10    Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

6.11    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.12    Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

#### Failure to Pay Minimum Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    At all relevant times herein, Plaintiffs and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

7.3    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated delivery drivers.

7.4    Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

7.5    As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

7.6     Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

7.7     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

7.8     Plaintiffs and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

7.9     Plaintiffs and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case.

7.10    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation.

7.11    Plaintiffs and the Collective Class seek all unpaid minimum wage compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Ernest Scott, James Griggs and Evan Monacelli and all others similarly situated respectfully pray that Defendants Muy Pizza-Tejas, LLC, Muy Pizza Southeast, LLC Muy Pizza Minnesota, LLC be cited to appear, and that,

upon trial of this matter, Plaintiffs and the Collective Class recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of their unpaid minimum wage compensation;

b. Liquidated damages in an amount equal to their unpaid minimum wage compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFFS**